**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Major TODD W. HALE**
**United States Air Force**

**ACM 38707**

**14 December 2015**

Sentence adjudged 7 October 2014 by GCM convened at Joint Base Andrews Naval Air Facility Washington, Maryland. Military Judge: Francisco Mendez (sitting alone).

Approved Sentence: Dismissal and confinement for 24 months.

Appellate Counsel for Appellant: Captain Annie W. Morgan.

Appellate Counsel for the United States: Major G. Matt Osborn and Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

DUBRISKE, Judge:

In accordance with his pretrial agreement, Appellant was convicted by a military judge sitting alone of solicitation of another to view child pornography and possession of child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] Appellant was sentenced to a dismissal, 38 months of confinement, and forfeiture of all pay and allowances. The convening authority reduced Appellant's confinement to 24 months

---

[1] A second specification alleging possession of child pornography at an overseas location was withdrawn and dismissed by the prosecution after acceptance of Appellant's guilty plea in accordance with the pretrial agreement.

pursuant to the pretrial agreement and disapproved adjudged forfeitures to facilitate a waiver of pay and allowances for Appellant's dependents. The dismissal was approved.

Appellant raises one issue on appeal pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), alleging his sentence is inappropriately severe. Appellant requests his confinement be reduced by six months in recognition of his military service record and acceptance of responsibility for his criminal activity in this case.

Finding no error that materially prejudices a substantial right, we affirm the findings and sentence in Appellant's case.

*Background*

During two temporary duty assignments to the United States from his Office of Defense Cooperation posting at an overseas location, Appellant made a number of Craigslist posts to local message boards soliciting various forms of sexual activity. In one of the posts, Appellant stated he was looking for someone who was interested in masturbating to "sister/brother, niece/uncle, nephew/aunt, son/mother, daughter/daddy, female cousin/male cousin, female/female incest stuff."

A local civilian law enforcement detective, who also performed duties for the Federal Bureau of Investigation's Child Exploitation Task Force, discovered Appellant's post during his routine surveillance of Internet message boards like Craigslist. Given Appellant's apparent interest in child pornography, the detective responded to Appellant's post in an undercover capacity using a false name. During multiple email exchanges with the detective, Appellant advised he could secure "nude[s] of any age, any activity. trust [sic] me, I know where to get it and can show you too." Appellant also informed the detective, when asked how long he had been collecting child pornography, that he would "collect, then delete, only to repeat."

The civilian detective then arranged to meet Appellant at his local hotel room to exchange child pornography and engage in activities as solicited by Appellant in his initial post. When the detective and other law enforcement personnel arrived at Appellant's hotel room, they found Appellant in possession of a laptop computer which contained 38 images and 1 video depicting child pornography. Appellant later admitted he engaged in the email activity with the undercover officer and downloaded child pornography in preparation for the scheduled meeting at his hotel room.

Civilian authorities ultimately relinquished jurisdiction over this interaction with Appellant, which led to the general court-martial charges currently under review.

ACM 38707

*Sentence Appropriateness*

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 148 (C.A.A.F. 2010).

After giving individualized consideration to this particular Appellant, his record of service, the nature and seriousness of the offenses, and all other matters contained in the record of trial, we find the approved sentence is not inappropriately severe. Appellant's abhorrent conduct brought discredit to the United States Air Force. We acknowledge the charged offenses occurred over a short period of time and Appellant accepted responsibility for his conduct both at trial and during clemency. However, the severity of the offenses causes us to find the approved sentence is not unduly harsh or otherwise inappropriate.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.[2] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.



FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

---

[2] We note the addendum to the staff judge advocate's recommendation (SJAR) did not specifically advise the convening authority of his mandatory requirement to consider the SJAR and the report of result of trial before taking action. *See* Rule for Courts-Martial (R.C.M.) 1107(b)(3)(A); Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 9.20.1.2 (6 June 2013). Instead, it advised the convening authority "shall" consider the record of trial and personnel records of the accused. The review of these specific documents is discretionary. *See* R.C.M. 1107(b)(3)(B). Additionally, the addendum stated an action had been prepared approving the findings and sentence of the court, which was inaccurate based on the terms of Appellant's pretrial agreement. Given the convening authority noted he reviewed all matters attached to the addendum, including the SJAR and report of result of trial, and ultimately approved a sentence in accordance with the pretrial agreement, we find no prejudice. The consistent use of post-trial processing templates found in AFI 51-201 will eliminate these unnecessary errors and better facilitate accurate post-trial processing.